BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KASSANDRA J. MCGRADY, IDAHO STATE BAR NO. 8455
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:19-cr-00308-BLW |
| Plaintiff, | **RULE 11 PLEA AGREEMENT** |
| vs. | |
| WILLIAM RICHARD SCHEUCH, | |
| Defendant. | |

## I.   GUILTY PLEA

**A.   Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the government[1] agree that the defendant will plead guilty to count one of the Information, which charges the defendant with Dealing in Firearms Without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a)(3), and 924(a)(1)(D). The defendant will also admit the asset forfeiture allegation in the Information. In connection with these violations, the defendant agrees to the forfeiture of the property referred to below.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this agreement, the government, will agree, under Federal Rule of Criminal Procedure 11(c)(1)(A), that it will not file additional charges resulting from the investigation of the defendant, and under Federal Rules of Criminal Procedure 11(c)(1)(B), will recommend a sentence of 12 months and 1 day.

**B.   Oath.** The defendant will be placed under oath at the plea hearing. The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

**C.   Waiver of Indictment**. Pursuant to Federal Rule of Criminal Procedure 7(b), the defendant agrees to waive his right to prosecution by Indictment, and enter a guilty plea to the Information, as detailed herein. The waiver of Indictment shall be filed with the Court at the time of the initial appearance and change of plea hearing.

## II.   WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**                                    1                            Rev. August 2017 (General)

The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant.  If the court accepts the defendant's guilty plea, there will be no trial.

## III.    NATURE OF THE CHARGES

**A.    Elements of the Crime.**  The elements of the crime of Dealing in Firearms Without a License, 18 U.S.C. § 922(a)(1)(A), as charged in count one of the Information, are as follows:

1.    The defendant was not licensed to deal firearms; and

2.    The defendant willfully engaged in the business of dealing firearms.

Pursuant to 18 U.S.C. § 921(a)(21)(C), a person is engaged in the business of dealing firearms if he or she "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms."

**B.    Factual Basis.**  If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

In March of 2015, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in Boise received a referral that the defendant was dealing firearms without a license. The defendant does not, nor has he ever, had a federal firearms license (FFL) that would allow him to lawfully

deal in firearms. On September 25, 2015, ATF Special Agent William Moore met with the defendant and provided the defendant a written document entitled "Warning Notice of Unlicensed Firearms Dealing in Violation of Federal Law." In this written notice, ATF informed the defendant that his firearms activity appeared to bring him within the definition of a dealer in firearms. In the written notice, the defendant was provided with the definition of a "dealer of firearms" that is set forth in Title 18, Section 921(a)(21)(C) of the United States Code. The defendant was also advised that a person convicted of unlawfully engaging in the business of firearms is subject to up to 5 years in prison and/or a fine of up to $250,000. The defendant was further informed that continued activity without the required license could result in a recommendation for prosecution. Special Agent Moore provided the defendant with an Application for Firearms License. The defendant never completed the application.

Following this meeting with Special Agent Moore, the defendant engaged in the business of dealing firearms through the sale of the following firearms:

1) On or about May 4, 2016, the defendant sold a rebuilt semi-automatic DPM-28 rifle for $2,500 to a party in Ohio by shipping the rifle to a licensed firearms dealer in Ohio;

2) On or about July of 2016, the defendant sold a rebuilt semi-automatic DPM-28 rifle to a party in exchange for $2,550;

3) On or about August 26, 2016, the defendant met an undercover ATF agent (UC) in the parking lot of a store in Boise and sold the UC two rebuilt Polish DPM semi-automatic rifles for $4,800;

4) On or about February of 2017, the defendant sold a rebuilt Sterling pistol that the defendant had built from a gun parts kit to a purchaser in Oregon by shipping the pistol to a licensed firearm dealer in Oregon.

The defendant was present in the District of Idaho when he engaged in the above-described firearms transactions. The defendant used gun part kits consisting of de-milled machinegun parts to build the above-described rifles. The defendant inserted firing pins into the rebuilt firearms in an effort to ensure that the firearms functioned as semi-automatic firearms rather than fully automatic firearms. The defendant created the above-described Sterling pistol by taking a short-barreled rifle and welding closed the shoulder stock on the firearm.

Based on the defendant's firearms transactions, Special Agent Moore obtained a search warrant for the defendant's residence. The search warrant was executed on May 3, 2017. During a search of the defendant's residence, ATF agents located and seized over 30 gun part kits and numerous firearms including all the firearms and property listed below for forfeiture. Agents also located an Application for Federal Firearms License that the defendant had partially filled out but had not completed.

The defendant was provided his *Miranda* rights and agreed to waive them and speak with Special Agent Moore. During the interview, the defendant acknowledged that he rebuilds firearms using gun kits. The defendant admitted that he is unemployed and has sold some of his rebuilt firearms online. The defendant admitted that he needed to sell firearms to pay his bills. The defendant said he wanted to get a FFL but was told by a local FFL that he could not get a FFL. The defendant acknowledged that he made as much money building firearms as he did when he was employed. The defendant also stated that he believed it was legal to sell re-built machine guns as long as the firearms were not fully-automatic firearms. The defendant also said he believed that the pistol he built would not be considered a short-barreled rifle because he had welded closed the shoulder stock.

The defendant did not have a valid license at the time he engaged in the above-described transactions. The defendant willfully engaged in the business of dealing in firearms even though he did not have a license that would lawfully allow him to do so. The defendant agrees that he devoted time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through repetitive purchase and resale of firearms.

## IV.    SENTENCING FACTORS

**A.    Penalties.**  A violation of 18 U.S.C Section 922(a)(1)(A), as charged in count one of the Information, is punishable by:

1.    a term of imprisonment of  up to 5 years;

2.    a term of supervised release of not more than 3 years, and;

3.    a maximum fine of $250,000, and a special assessment of $100.00.

**B.    Supervised Release.**  The court may impose a period of supervised release.  No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

**C.    Fines and Costs.**  The court may impose a fine.  No agreement exists as to the amount of the fine.  The government agrees to recommend a fine within the guideline range as set forth below. The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**D.    Special Assessment.**  The defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing.  Payment will be made to:

The United States District Court, Clerk's Office
Federal Building and United States Courthouse
550 West Fort Street, Fourth Floor
Boise, Idaho 83724.

**E.   Restitution.**  In addition to any forfeiture, fine, or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense pursuant to any applicable statute. The defendant agrees that all monetary penalties imposed by the court, including restitution, will be due immediately and subject to immediate enforcement by the government.  The defendant agrees that any payment schedule or plan set by the court is merely a minimum schedule of payments and neither the only method, nor a limitation on the methods, available to the government to enforce the judgment, unless the court specifically states otherwise.  The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States sentencing guidelines ("USSG") §3E1.1.

**F.   Forfeiture.**  The defendant understands that the court will, upon acceptance of the defendant's guilty plea, enter a forfeiture order as part of the defendant's sentence.  The defendant agrees immediately to forfeit to the government:  the property set out in the forfeiture allegation of the Information to which the defendant is pleading; the property described in any filed bill of particulars; and all property and property interests that constitute property intended for use or used to commit or to facilitate the commission of the offense, including, but not limited to, the following, which is presently in the possession of the United States and generally described as follows:

Personal Property.

   a.   A CZ. K. M NA, 7.62 NR. 0338 PA receiver;

   b.   A RPD wood stock, Brenn II lower receiver;

   c.   Five PPSH-41 stick magazines;

d.  An unknown manufacture firearm part kit, PZ 63, serial number TM01063;

e.  A Sten, model: MKII, 9 mm machine gun, serial number F40779;

f.  A Thompson, model, 1928 receiver, serial number 354550;

g.  A Sterling, model: Mark 4 tube with cutout;

h.  A Russian machine gun receiver serial number MT0540;

i.  Two Galil machine gun receivers, serial number G-136923 and 115036;

j.  Multiple firearm parts kits and pieces;

k.  One box containing two barrels, a stock, and three magazines;

l.  A FN, model: BAR, 7.62 caliber machine gun, serial number 2171;

m.  Ten CZ VZ 26 firearm part kits;

n.  A Yugoslavian, model MG42 firearm part kit;

o.  Seven CZ VZ 26 firearm part kits;

p.  One CETME HK firearm part kit;

q.  An Uzi firearm parts;

r.  An unknown firearm parts;

s.  A HK trigger pack;

t.  A firearm part kit, serial number BM01281;

u.  An unknown 7.62 caliber, firearm part kit;

v.  A pistol MITTRAGL, model: 57 – LUIGIF FRANCH;

w.  An Uzi firearm parts;

x.  An EBAR, model: Z70B, firearm part kit, serial number 41124;

y.  A M31 firearm part kit;

**Plea Agreement**               7               Rev. August 2017 (General)

z.   A firearm part kit, serial number DNO0841;

aa. A Gewhr Werks model: 91, 7.62 caliber receiver, serial number
A000419;

bb. A Karl Gustav, model: m45 firearm part kit;

cc. An Argentine, model: FMK-3 firearm part kit;

dd. Two CZ VZ 26 firearm part kits;

ee. Two CETME firearm part kits;

ff.  An unknown firearm part kit;

gg. A Gewhr Werks, model: 91, 7.62 caliber receiver, serial number
A000399;

hh. A belt fed machinegun part kit;

ii.   A PORT-SAID, Egypt, Carls Gustav m45 firearm part kit;

jj.   An unknown firearm part kit;

kk. Miscellaneous gun parts;

ll.   An unknown firearm part kit;

mm.  An Uzi firearm part kit;

nn. A gun barrel;

oo. A M31 firearm part kit;

pp. A CZ, model: Scorpion firearm part kit;

qq. A Galil firearm part kit;

rr.  Two unknown machine gun part kits;

ss. A PPSH firearm part kit;

tt.  An unknown firearm part kit;

uu. An unknown DP 28 firearm part kit;

vv. Multiple firearm part kits;

ww. One Z45 machine gun with attached plans firearm part kit;

xx. One unknown fire control group;

yy. One unfinished FN Bar machine gun;

zz. One Uzi type short-barreled rifle;

aaa. One firearm part kit and two flat receivers;

bbb. A Kurz firearm part kit, serial number 42977;

ccc. A CZ VZ 26 firearm part kits;

ddd. A Thompson, model: 1928A1 firearm part kit, serial number 42977;

eee. One Beretta pistol, model: 38 machinegun, serial number 9165;

fff. One unknown machine gun.[2]

2.      Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a.   Cannot be located upon the exercise of due diligence;

b.   Has been transferred or sold to, or deposited with, a third person;

c.   Has been placed beyond the jurisdiction of the court;

d.   Has been substantially diminished in value; or

e.   Has been commingled with other property which cannot be subdivided without difficulty.

---

[2] Variations or errors in the serial numbers or property descriptions listed in this section shall not affect forfeiture.

Forfeiture of substitute assets shall not constitute an alteration in the defendant's sentence.

The defendant agrees that the forfeitures herein are separate from all other penalties, including monetary ones, and are also separate from restitution. The defendant agrees to consent to abandonment proceedings as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture. Finally, the defendant agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding: (a) notice of the forfeiture in the charging instrument, (b) advice regarding the forfeiture at the change-of-plea hearing, (c) announcement of the forfeiture at sentencing, and (d) incorporation of the forfeiture in the judgment. If this agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures that began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets, and to take all steps necessary to pass clear title to the forfeited assets to the government. The defendant will thus, for example, execute all documents necessary to transfer such title, assist in bringing any assets located outside of the United States within the jurisdiction of the United States, take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, etc.

The defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, related civil forfeiture case, or petition for remission or mitigation of forfeiture. Further, the defendant will testify truthfully in any such proceeding. The defendant agrees to waive all challenges, on any grounds, to any forfeiture carried out in accordance with this agreement.

The defendant is the sole owner of the properties and property interests listed above, except as specifically set out herein. If the defendant is not the sole owner of these properties and

interests, representations are false or inaccurate, the government may pursue any and all forfeiture remedies available at law or equity based on the violations covered by this agreement.

The defendant agrees that the forfeiture provisions of this agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall bind the defendant's heirs, successors and assigns until the agreed forfeiture is collected in full. This includes any agreed money judgment amount. If the crime(s) involved victims, then the defendant acknowledges and agrees that this agreement to disgorge the defendant's wrongfully-obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature. Therefore, the defendant intends disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction. The court shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

## V.     ABANDONMENT AND WAIVER REGARDING SEIZED PROPERTY

For any property not forfeited, the Defendant abandons, releases, and waives any interest, now or in the future, to property seized or otherwise obtained by the government or law enforcement in this case unless specific exceptions are noted in this Agreement. Such property will be disposed of, destroyed, sold, forfeited, or transferred, in the government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## VI.    UNITED STATES SENTENCING GUIDELINES

**A.     Application of Sentencing Guidelines.** The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The court is not a party to this agreement. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG. While the court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the court is not bound by this agreement, the parties agree to the recommendations and requests set forth below.

**B.      Sentencing Guidelines Recommendations and Requests.**

1.      **Government's Statements at Sentencing.** The government reserves the right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information in support of its recommendation regardless of whether the information is contained in the plea agreement or the presentence report.

2.      **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the government will withdraw or decline to make such a recommendation.

3.    **Stipulation Regarding Sentencing Guideline Calculation.**  The defendant understands that the USSG apply in an advisory manner and are not binding on the court. Provided that the defendant pleads guilty and accepts responsibility as described herein, the government and the defendant agree that the following sentencing calculation under the United States Sentencing Guidelines applies:

a.    The base offense level is eighteen (18) pursuant to USSG § 2K2.1(a)(5);

b.    A two (2) level increase is appropriate pursuant to USSG § 2K2.1(b)(1) because the offense involved five (5) firearms;

c.    Assuming the defendant clearly accepts responsibility as set forth above, a three (3) level reduction will be applied pursuant to USSG § 3E1.1 making the total adjusted offense level seventeen (17);

d.    The parties anticipate the defendant's criminal history category will be I, resulting in an advisory guideline range of 24-30 months.

4.    **Stipulation to a Downward Departure and Sentencing Recommendation.** The Government agrees to recommend a 5 level downward departure, which would result in a base offense level of 12. The applicable guideline range after the recommended downward departure falls within Zone C of the sentencing table. The parties anticipate the defendant's criminal history category will be I, resulting in an advisory guideline range of 10-16 months and a fine of $5,500-$55,000. The Government will recommend a sentence of imprisonment of 12 months and 1 day and will recommend a fine within the guideline range of $5,500-$55,000. The defendant agrees to recommend a fine within the guideline range of $5,500-$55,000 and a sentence of imprisonment within the guideline range of 10-16 months. The defendant is free to recommend that the term of imprisonment be satisfied in any manner set forth

in USSG § 5C1.1(d) for guidelines that fall within Zone C of the sentencing table. The defendant agrees not to seek any further downward departure or variance.

## VII.   WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

**A.**     **Waiver:** In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. The waiver of the challenge to the conviction includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction.

The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

**B.**     **Exceptions:**

**1.**     **Direct Appeal:**  Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

a.     the sentence imposed by the  court exceeds the statutory maximum;

b.     the court arrived at an advisory USSG  range by applying an upward departure under chapter 5K of the USSG; or

c.     the court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG  range as determined by the court.

The defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

      **2.**      **Motion Under 28 U.S.C. § 2255:**  Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VIII.   PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement.  Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests.  Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## IX.   DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets and sources of income to the government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest.  The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the government.  The defendant agrees truthfully to complete a personal financial statement within fourteen days from the date the defendant signs this agreement.  If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the date the defendant signs this agreement or the date the financial statement is provided to the defendant or counsel, whichever is later.  The defendant agrees to provide updates with any material changes in circumstances, as described in

18 U.S.C. § 3664(k) within seven days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit. If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## X.    NO RIGHT TO WITHDRAW PLEA

The defendant understands that the court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this agreement or the guilty plea, regardless of the court's actions.

## XI.   CONSEQUENCES OF VIOLATING AGREEMENT

**A.    Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the

government determines that a breach warrants prosecution before sentencing, it may withdraw from the agreement in its entirety.

The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this agreement.

**B.       Defendant's Waiver of Rights.**  If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement.  In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up:  (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the defendant does not enter an acceptable plea, the government will move to continue the trial now set to allow the government adequate time to prepare.  The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.   MISCELLANEOUS

**A.       No Other Terms.**  This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant.  This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property.  Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).  The government

will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the request of the defendant or defense counsel.

     **B.**    **Plea Agreement Acceptance Deadline.**  This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. on September 30, 2019.

     **C.**    **Risk of Removal from the United States.**  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however. While arguments may be made in such a proceeding, it is virtually certain that defendant will be removed from the United States. The defendant nevertheless affirms that the defendant wants to plead guilty.

## XIII.  UNITED STATES' APPROVAL

     I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____          9-30-19
KASSANDRA MCGRADY                         Date
Assistant United States Attorney

## XIV.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I
understand the agreement and its effect upon my potential sentence. Furthermore, I have
discussed all of my rights with my attorney and I understand those rights. No other promises or
inducements have been made to me, directly or indirectly, by any agent of the government,
including any Assistant United States Attorney, concerning the plea to be entered in this case. I
understand that this agreement constitutes a formal plea offer from the government. Any oral
discussions between the government and me or my counsel about a plea do not constitute a plea
offer. Any written offer or agreement made before this agreement is no longer a valid offer by the
government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain
from doing, anything in connection with this case, including enter a guilty plea. I understand that,
if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is
virtually certain that I will be removed from the United States. I am satisfied with my attorney's
advice and representation in this case.

_____          9/27/19
WILLIAM RICHARD SCHEUCH                    Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my
client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all

**Plea Agreement**                        19                   Rev. August 2017 (General)

written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.


_____        September 27, 2019
SCOTT MCKAY                                          _____
Attorney for the defendant                        Date